# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STEVEN CRAIG DICKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-10-0168-HE |
| | ) | |
| IVEY MECHANICAL COMPANY, LLC, | ) | |
| a foreign limited liability corporation, and | ) | |
| RICK TIMMS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Steven Dickey sued Ivey Mechanical Company, LLC and Rick Timms, its employee, alleging Timms injured plaintiff during an altercation at a job work site. Plaintiff asserts negligence claims against both defendants and also seeks punitive damages, asserting that defendants' conduct was "grossly negligent and in reckless disregard" of his rights. Defendant Timms has moved for partial summary judgment on plaintiff's request for punitive damages.

Summary judgment, is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The court has viewed the evidence and any reasonable inferences that might be drawn from it in the light most favorable to plaintiff, the nonmoving party, and concludes defendant's motion should be denied.

Defendant Timms claims the evidence is undisputed that punitive damages are unwarranted because he did not proximately cause plaintiff's knee injury and he was acting

in self defense, without malice or evil intent.[1] While Mr. Timms may not have intended to injure plaintiff, a party is responsible for the reasonably foreseeable consequences of his or her actions. Okla. Unif. Civil Jury Instruc. 9.6, available at http://www.oscn.net/applications/oscn. The evidence is disputed as to whether Mr. Timms was negligent and caused plaintiff's injury.

Whether plaintiff, if he establishes Mr. Timms was negligent, would be entitled to punitive damages is a closer question. Both Mr. Dickey and Mr. Timms appear to be at fault for the fight underlying plaintiff's claims and it is far from clear that Mr. Timms' actions were sufficiently egregious to warrant punitive damages, particularly in light of the clear and convincing evidentiary standard. However, due to the highly contested evidence regarding what happened in the Dane Electric trailer, the court concludes a jury must decide the punitive damages question.[2]

---

[1]Under Oklahoma law punitive damages may be awarded if the jury finds that the "defendant has been guilty of reckless disregard for the rights of others." 23 Okla. Stat. § 9.1(B)(1). Oklahoma Uniform Jury Instruction No. 5.6 states that
> [t]he conduct of [Defendant] was in reckless disregard of another's rights if [Defendant] was either aware, or did not care, that there was a substantial and unnecessary risk that [his/her/its] conduct would cause serious injury to others. In order for the conduct to be in reckless disregard of another's rights, it must have been unreasonable under the circumstances, and also there must have been a high probability that the conduct would cause serious harm to another person.

Okla. Unif. Civil Jury Instruc. 5.6, available at http:// www.oscn.net/applications/oscn.

[2]Plaintiff makes several statements in his brief which are not supported by the evidence he cites. For example, Pete Young did not state in his affidavit, plaintiff's Exhibit 6, that "Timms threatened to send Dickey to the hospital." Plaintiff's response, p. 6. The court expects such misstatements not to recur.

Accordingly, defendant Timm's motion for partial summary judgment [Doc. #41] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 19th day of July, 2011.

JOE HEATON  
UNITED STATES DISTRICT JUDGE